MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 2/19/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
WALTER G. MCNEILL and
ROBERTA G. MCNEILL,

           Plaintiffs,

    -against-

DUANE E. DUBOIS,

           Defendant.
-----------------------------------------------------------X

REPORT AND
RECOMMENDATION

10 Civ. 7778 (GAY)

*[Handwritten endorsement:]* There being no objection to the R&R, and no clear error being apparent, the R&R is adopted as the decision of the Court. The Clerk shall dismiss the claims against Dubois with prejudice and close the case. So Ordered.

Cathy Seibel
Cathy Seibel, U.S.D.J.
Dated: 3/12/13

TO THE HONORABLE CATHY SEIBEL, United States District Judge:

    On or about October 12, 2010, plaintiffs Walter G. and Roberta G. McNeill, proceeding *pro se*, brought this action against George M. Taylor & Sons, Inc. ("Taylor Oil"), Thomas Taylor (together with Taylor Oil, "the Taylor defendants") and Duane E. Dubois seeking damages arising from the tortious actions of Dubois, a former employee of Taylor Oil who allegedly stole numerous personal items from the McNeills. On or about February 16, 2011, all parties except for defendant Dubois–who failed to appear in this matter–consented to the undersigned conducting all proceedings in this case.

    By Report and Recommendation dated January 19, 2012, the undersigned recommended that the Court grant plaintiffs' application for a partial default judgment as to defendant Dubois. The Report and Recommendation was randomly assigned to Your Honor. By Memo Endorsement dated February 6, 2012, Your Honor granted plaintiffs' application for a partial default judgment as to defendant Dubois, and referred the matter to the undersigned for an inquest on damages.

    By Memorandum Decision and Order dated August 8, 2012, the undersigned denied the Taylor defendants' motion for summary judgment with respect to plaintiffs'

Copies mailed / ~~handed~~ / ~~faxed~~ to counsel  2 / 19

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/15/13

claims for negligent supervision and demand for an accounting, but granted the motion with respect to all other claims. Pursuant to a settlement conference held October 9, 2012, plaintiffs and the Taylor defendants settled.[1]

By Order dated October 24, 2012, noting that the sole remaining issue to be determined is the amount of damages to be awarded against defendant Dubois arising from his default, the undersigned directed plaintiffs to file and serve any submissions on the damage issue by November 24, 2012.[2]

By Memo Endorsed Order dated November 7, 2012, the undersigned granted plaintiffs' request for an extension, until November 24, 2012, to file and serve their damages submissions.

By letter dated November 21, 2012, plaintiffs advised that, "for the time being," they wished to withdraw their request for an inquest on damages because they wanted time to investigate Dubois' ability to satisfy any judgment. By Order dated November 27, 2012, the undersigned granted "a final extension" and directed plaintiffs to file and serve any submission on damages by January 31, 2013. Specifically, the Court Ordered that "[p]laintiffs are to either file said submissions by January 31, 2013, or advise the Court by said date that [they are] withdrawing [their] request for an inquest,

---

[1] Final settlement papers were entered November 28, 2012 (Dkt. #44).

[2] The undersigned noted that plaintiffs' letter dated October 18, 2012 was an insufficient submission with regard to the damages issue for several reasons: (1) plaintiffs "jumped the gun" and sent the letter before the undersigned issued the October 24th Order providing defendant Dubois with Notice; (2) there was no indication that plaintiffs served defendant Dubois with a copy of the October 18th letter; and (3) plaintiffs' submission on damages must be in the form of admissible evidence such as an affidavit. Defendant Dubois was directed to file and serve any response within thirty (30) days from receipt of plaintiffs' submissions.

with prejudice."

Plaintiffs failed to comply. By Order to Show Cause dated February 5, 2013, plaintiffs were directed to submit a letter to the undersigned no later than February 22, 2013 wherein they were to (1) explain their failure to comply with the Court's November 27th Order and (2) show cause why the undersigned should not Report and Recommend that the claims against defendant Dubois be dismissed and the case be closed. The Court reminded plaintiffs of their duty to diligently prosecute this action under Rule 41(b) of the Federal Rules of Civil Procedure and further notified plaintiffs that if they failed to comply with the Order to Show Cause, the undersigned would Report and Recommend that the claims against defendant Dubois be dismissed for failure to prosecute and the case be closed.

On February 14, 2013, plaintiffs faxed a letter to the undersigned in which they (1) apologized for not responding prior, (2) stated they had been weighing the time and expense versus the benefit of pursuing the inquest and stated that it was unknown whether, and to what extent, "the Court would take judicial notice of valuations in certain publications" and (3) noted there were liens pending against Mr. Dubois' home which far exceeded its market value and that plaintiffs had no information as to the whereabouts of the stolen items. Plaintiffs stated in conclusion: "Based on all of the above, we hereby withdraw our suit against Mr. Dubois but request that the case be dismissed against him without prejudice to renew."

Plaintiffs have clearly failed to comply with the Order to Show Cause. Accordingly, I respectfully recommend that the claims against defendant Dubois be dismissed for failure to prosecute–*with* prejudice–and the case be closed.

-3-

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(C), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from receipt of this Report to serve and file written objections to this Report and Recommendation. If copies of this Report are served upon the parties by mail, the parties shall have seventeen (17) days from receipt of this Report to file and serve written objections. See Fed. R. Civ. P. 6(d). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Cathy Seibel at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).

Requests for extensions of time to file objections must be made to the Honorable Cathy Seibel and not to the undersigned.

Dated: February 19, 2013
White Plains, New York

Respectfully Submitted:

_George A. Yanthis_
GEORGE A. YANTHIS, U.S.M.J.

-4-